The PHILLIPS HOTEL OPERATING COMPANY, a Corporation, Respondent,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a Corporation, Appellant.

No. 23715.

Kansas City Court of Appeals.

Missouri.

Feb. 4, 1963.

Don M. Jackson, Kansas City, for appellant.

Albert Thomson and Mark J. Klein, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff operates a hotel and defendant is in the insurance business. Plaintiff purchased an insurance policy from defendant and, after having sustained a loss which, it claims, was covered by the policy and which defendant denied, plaintiff brought this suit. The court sustained plaintiff's motion for a summary judgment in the sum of $8268.31. Defendant appeals.

While the policy was in effect one of plaintiff's guests deposited with plaintiff a case containing jewels of a value in excess of $56000.00 and, a day later, the case and jewels were missing from the depository in which they had been placed by defendant's agent. The method and manner of the disappearance is unexplained.

The owner of the property demanded payment of its value from plaintiff and, eventually, sued plaintiff therefor. Plaintiff notified defendant of the institution and maintenance of that suit and demanded that it defend the action and satisfy the loss. Defendant refused to do either and denied liability. Plaintiff, eventually, compromised the claim and sued for the sum of the judgment herein, which includes the amount paid by it, costs of $100.15, and attorney's fees in the amount of $2500.00, a total of $8268.31.

The facts are as above stated and none are in dispute. The only question for resolution is the construction of the policy.

The policy, with its appendages, is a voluminous instrument consisting of many coverages, conditions, exclusions, qualifications, and endorsements. However, two sections only are essential to a solution of this case.

The policy refers to plaintiff throughout as insured and, under coverage "D", binds

defendant to pay for: "(1) loss of money and securities occurring within the premises or within a night depository in which such money and securities have been deposited by a custodian caused by the actual destruction, *disappearance* or wrongful abstraction thereof: (2) *loss of other property* or damages thereto caused by robbery within the premises, or by safe burglary, or attempt thereat, and damage to a locked cash drawer, cash box or cash register caused by felonious entry into such container within the premises, or attempt thereat, or by felonious abstraction of such container from within the premises, and damages to the premises by robbery— * * *:". (Emphasis ours.)

Had the loss in this case been of money or securities *belonging to plaintiff* it is clear that proof of their value and of their disappearance, nothing more, would have been sufficient to entitle plaintiff to recover; but, under the coverage as here provided, had the loss been of any other property, including jewelry, further proof was required before recovery could be had under condition D; and no direct provision was made for *any* loss by a guest.

However, defendant caused to be attached to the policy what is denominated "amendatory endorsement" wherein it is stated:

"It is agreed that such insurance as is afforded by the policy under Coverage D also applies to money, securities, jewelry and other personal property, but not including manuscripts, records or accounts, belonging to guests of the insured deposited with and accepted by the insured for safekeeping, subject to the following provisions: * * *."

It is noted that, under coverage D, insured was covered for loss of money and securities, and was entitled to be reimbursed for such loss upon proof that such property disappeared. Plaintiff says that, therefore, defendant is liable for loss of money and securities of plaintiff's guests upon proof of disappearance. But, defendant contends, since under coverage D it was not bound to pay a loss to insured for "other property" including jewelry, except upon proof of surrounding facts as required by the policy terms, it is not liable to pay under the terms of the amendatory endorsement relating specifically to losses suffered by guests, except upon proof of the facts of the loss.

However, defendant has overlooked the fact that in its amendatory endorsement it uses broad language, towit; "such insurance as is afforded by the policy upon coverage D". That means the full coverage offered under coverage "D", not the most limited coverage offered thereunder. The full extent of coverage thus extended to "money, securities, jewelry, *and other personal property*" of *guests* is also the fullest extent of insurance given to plaintiff. That includes, so far as insured is concerned, "money and securities". That same quantum of coverage is given to insured's guests by the chosen language of the endorsement; and it includes jewelry. No amount of weaseling can lessen the coverage given without narrowing the language used in the policy. Such was the intention of the parties, as is gleaned from their language, considering the business herein covered. Appleman, Insurance Law and Practice, Volume 13, Section 7385.

If the language used is not as clearly stated as we think, then the language is ambiguous and calculated to mislead and confuse the average layman without the services of a lawyer or phrasemaker. In such case we are bound to construe the language most strongly against defendant and most liberally for insured. We hold that the policy, as a whole, gives coverage for the loss of jewelry by a guest of insured upon proof that it disappeared from the depository of insured after having been deposited therein by insured's custodian. Appleman, Insurance Law and Practice, Volume 13, Section 7401.

Defendant also contends that *plaintiff* may not maintain an action for loss of property of a guest. It arrives at this conclusion by processes of reasoning which are difficult to follow. Under par. 5 of the amendatory endorsement it is provided, in effect, that *no* action on the policy may be maintained *except* by insured. Insured paid a premium to defendant who, in turn, agreed to indemnify for the loss of certain property belonging to its guests and in its custody. If only insured, and no one else, could sue, and if we hold that insured cannot sue in this case, then the contract would be without force as to this kind of loss. Since the guest had no power to sue and only the plaintiff could maintain *any* suit on the policy, then we must hold that plaintiff was a proper party to maintain this suit. Otherwise the guest provisions of the contract are nullified.

Defendant also contends that plaintiff may not recover for the reason that the property itself was otherwise insured by its owner and so is excluded from coverage here under condition 10 of the policy. In Automobile Insurance Company of Hartford, Connecticut v. Springfield Dyeing Company, Inc., 3 Cir., 109 F.2d 533, 536, the court said that "other insurance" in a policy there considered, had reference to other insurance *owned by insured,* not insurance owned by some one other than insured. To the same effect is the holding in Export Leaf Tobacco Company v. The American Insurance Company of Newark, New Jersey, et al., 4 Cir., 260 F.2d 839 (pars. 8 & 9). We adhere to that rule.

Defendant also contends that plaintiff may not maintain this action in *liability* because the policy is one of "property" or "crime", not liability insurance. The policy constitutes a contract of insurance against the loss of certain described property under certain specified conditions. Plaintiff was sued for loss of property under conditions covered by the policy. Defendant refused to acknowledge liability for the loss, to indemnify therefor, or to defend plaintiff as

against the suit. Plaintiff hired counsel and, eventually, settled the claim for a fraction of its face value. It has a right to maintain an action against defendant for its failure to perform its contract. Plaintiff has recovered herein the actual damages it suffered and defendant may not complain.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.